```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

EDWARD MICHAEL NERO, et al.     *

           Plaintiffs           *

      vs.                       *   CIVIL ACTION NO. MJG-16-1288
                                      (Consolidated with 16-1304 & 16-2663)
MARILYN MOSBY, et al.           *

           Defendants           *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: STAY PENDING APPEAL

The Court has before it the Motion for Immediate Stay Pending Appeal [ECF No. 60] filed by Defendant Marilyn Mosby ("Mosby") and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

I. BACKGROUND

In the Corrected[1] Memorandum and Order Re: Dismissal Motions [ECF No. 54], the Court dismissed certain of Plaintiffs' claims[2] against Mosby and Defendant Samuel Cogen ("Cogen") but did not dismiss, leaving pending, Plaintiffs' claims against them for

- Malicious prosecution,

---

[1] The Memorandum and Order as originally filed [ECF No. 43] did not state that Officer Caesar Goodson (not a plaintiff) had been acquitted of all charges in a bench trial.

[2] I.e., for False arrest, False imprisonment, Abuse of process, Conspiracy, Section 1983 Fourteenth Amendment Violations, Section 1983 Fourth Amendment claims based on presentation to the grand jury (Mosby) and all claims against the State of Maryland.

- Defamation,

- Invasion of privacy (false light), and

- Section 1983 Fourth Amendment violations.[3]

On February 3, 2017, Mosby filed a Notice of [Interlocutory] Appeal [ECF No. 57].  Cogen did not appeal.

II.  DISCUSSION

By the instant motion, Mosby seeks to have the Court stay all discovery pending resolution of her interlocutory appeal.  While Mosby apparently erroneously seeks to rely on Rule 62(c) of the Federal Rules of Civil Procedure,[4] there is no doubt that, under appropriate circumstances, a district court may stay the effect of an order.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

Hence, the Court has discretion to stay discovery pending appeal by staying the effect of its Order permitting the case to proceed

---

[3]  And the duplicative Maryland Declaration of Rights Article 26 claims.
[4]  Pertinent to injunctions.

on those claims not dismissed. However, "a party seeking a stay [of a district court order] must show:

> (1) that [she] will likely prevail on the merits of the appeal,
>
> (2) that [she] will suffer irreparable injury if the stay is denied,
>
> (3) that other parties will not be substantially harmed by the stay, and
>
> (4) that the public interest will be served by granting the stay."

<u>Long v. Robinson</u>, 432 F.2d 977, 979 (4th Cir. 1970).

Mosby has made no such showing. Indeed, the circumstances presented in the instant case overwhelmingly support the conclusion that there should be no stay of discovery pending resolution of Mosby's interlocutory appeal.

### A. Likelihood of Prevailing on Appeal

The Court reconfirms, but need not herein repeat, its reasons – as stated in its decision – for denying dismissal of the remaining claims. The Court's decision rested on the procedural requirement that it must accept the facts in the pleadings as true, and the Court emphasized the need for greater factual development to resolve the immunity questions.

The Court does not, by any means, consider Mosby's appeal to be meritorious. However, of course, the United States Court of

3

Appeals for the Fourth Circuit will, in due course, resolve the pending appeal.

The Court will note, nevertheless, that even if Mosby were to prevail on every one of her contentions, the instant case would proceed on Plaintiffs' claims against Cogen, and thus discovery involving Mosby would proceed on that basis.

B. <u>Irreparable Injury</u>

Mosby has not shown that denial of a stay would result in irreparable harm as to her. Although public officials asserting an immunity defense should not be "subjected to unnecessary and burdensome discovery or trial proceedings," <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998), the Court notes that a right to immunity is not a right to be free "from litigation in general." <u>Behrens v. Pelletier</u>, 516 U.S. 299, 312 (1996).

The discovery contemplated in the instant case is not "unnecessary," nor would it cause irreparable injury, because almost all of the same claims have been asserted against Cogen, who has not appealed.[5] Because Mosby must, in any event, act as a witness in regard to facts relating to claims against Cogen, she will not suffer irreparable injury and a stay would only delay any discovery-related

---

[5]  Only the defamation (false light) claim is unique to Mosby, yet discovery as to that claim will have substantial overlap with discovery for the remaining claims.

burden on her.  See, e.g., Mendia v. Garcia, No. 10-CV-03910-MEJ, 2016 WL 3249485, at *5 (N.D. Cal. June 14, 2016)(finding "no undue burden" and denying stay of discovery pending appeal of qualified immunity decision because the defendants would still participate in discovery as witnesses for claims against co-defendant who did not appeal); Seeds of Peace Collective v. City of Pittsburgh, No. CIV.A 09-1275, 2010 WL 2990734, at *1 (W.D. Pa. July 28, 2010) (concluding that "the need to protect these defendants from the burdens of litigation are not present" and denying motion to stay discovery because the defendants would remain as fact witnesses for claims not subject to appeal).

    C. Substantial Harm to Others

The effect of the discovery stay sought by Mosby would be to delay the instant case for the duration of the pending appellate proceedings.  Whether that delay will turn out to be several months or in excess of a year, Plaintiffs will suffer substantial harm.  There will be an unnecessary delay in their gathering evidence.  And, there will be a delay in their obtaining an adjudication (on summary judgment or by trial) of their claims, including assertions of significant reputational damage.

D.  Public Interest

Mosby presents no valid contention that the public interest would be served by the discovery stay she seeks.

The fact that discovery on the remaining claims against Mosby and Cogen shall proceed would not, in any way, impede her ability to present her contentions to the appellate court.

Certainly there is no public interest in enabling a public official to delay providing information regarding claims against her where, as here, essentially the same information would be disclosed even if she obtained dismissal of all claims against her.

The public interest in judicial efficiency would be hampered by a stay in this case since discovery will proceed inevitably on many of the same issues in Cogen's case. Cf. Galarza v. Szalczyk, No. CIV.A. 10-6815, 2012 WL 627917, at *3 (E.D. Pa. Feb. 28, 2012)(holding that a stay of discovery would only "delay, rather than relieve" burden of discovery because the case against co-defendants would continue).

IV.  CONCLUSION

For the foregoing reasons, the Court finds that Mosby has not presented reasons that justify granting a stay of discovery herein pending resolution of her interlocutory appeal.

Accordingly, the Motion for Immediate Stay Pending Appeal [ECF No. 60] filed by Defendant Marilyn Mosby is DENIED.

SO ORDERED, this Monday, March 20, 2017.

/s/<br>
Marvin J. Garbis<br>
United States District Judge